**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| AMANDA M. GILL, : | |
| : | Case No. 2:19-cv-4610 |
| **Plaintiff,** : | |
| : | Chief Judge Algenon L. Marbley |
| v. : | |
| : | Magistrate Judge Chelsey M. Vascura |
| **COMMISSIONER OF** : | |
| **SOCIAL SECURITY,** : | |
| : | |
| **Defendant.** | |

**OPINION & ORDER**

This matter comes before this Court on the Magistrate Judge's May 11, 2020, Report and Recommendation (ECF No. 13), which recommends that Plaintiff's Statement of Errors (ECF No. 10) be overruled and that the Commissioner's decision be affirmed. Plaintiff filed an Objection to this Report and Recommendation pursuant to Fed.R.Civ.P. 72(b). (ECF No. 14). This Court hereby **OVERRULES** the Objection and **ADOPTS** the Magistrate's recommended disposition based on an independent consideration of the analysis therein.

**I.     BACKGROUND**

On January 12, 2017, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff, Amanda M. Gill, was not disabled within the meaning of the Social Security Act based on the required five-step sequential analysis.[1] (ECF No. 7). On June 29, 2019, after a rehearing, the ALJ again found against Plaintiff's social security claim.  (ECF No. 7).

---

[1] Although a dispositive finding at any step terminates the ALJ's review, see *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the five step sequential steps are as follows:

1

At step one, the ALJ found that Plaintiff had not engaged in substantially gainful activity since March 28, 2013, the alleged onset date of Plaintiff's disability through June 30, 2017. (ECF No. 7 at 526).

At step two, the ALJ found that Plaintiff has diabetes, Mellitus, degenerative disc disease status post discectomy with radiculopathy, obesity, depression, panic disorder with agoraphobia, and fibromyalgia. (*Id.*).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments as described in 20 C.F.R. § 404, subpart P, Appendix 1. *(Id.)*.

At step four, the ALJ determined that Plaintiff has the residual functional capacity to,

> perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except sit and stand option every hour for 2 to 3 minutes on task, frequent reaching in all directions with bilateral upper extremities, occasional climbing of ramps and stairs, must avoid ladders, ropes or scaffolds, occasionally stoop, kneel, crouch and crawl, can use a cane as needed and will be off

---

(i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
(iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 subpart P of part 404 of this chapter and meets the duration requirement, we will find that you are disabled. . . .
(iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
(v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . .

20 C.F.R. § 404.1520(a)(4).

2

> task 30 minutes over the course of a day. Additionally, the claimant is limited to simple, routine tasks, occasional changes in the work setting, occasional but superficial interaction with the public, coworkers and supervisors (superficial defined as that which is beyond the performance of job duties and functions for a specific purpose and for short duration), no fast pace work or strict production quotas.

(*Id.* at 527-28).

In reviewing the residual functional capacity ("RFC"), the ALJ considered the record, including Plaintiff's testimony, treatment records, clinical and laboratory findings, and medical opinion evidence. (*Id.* at 532). The ALJ granted "little weight" to the opinions of the state agency medical consultants because the record showed Plaintiff's limitations were greater than the consultants opined. (*Id.* at 531). The ALJ assigned "partial weight" to the state agency psychological consultants Drs. Voyten and Tishler as those opinions were generally consistent with the overall record. (*Id.*).

At step five, in consulting the Vocational Expert, the ALJ found Plaintiff was not capable of performing her past work as a nurse assistant. (*Id.* at 532). Nonetheless, the ALJ found that Plaintiff's age, education, work experience, and RFC allowed her to fulfill jobs in the national economy, including as an assembler and sorter. (*Id.* at 533).

As a result of the five-step analysis, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. (*Id.* at 533).

The ALJ determined the opinions from Drs. Voyten and Tishler should be assigned "partial weight," finding that the overall record supported the finding that the claimant can perform simple and routine work, in addition to activities of daily living. (ECF No. 7 at 531-32). Plaintiff alleged the ALJ committed three errors in determining Plaintiff's RFC, claiming that the ALJ improperly considered the opinions of Drs. Voyten and Tishler. (ECF No. 10; ECF No. 13 at 21). In her Statement of Errors, Plaintiff first contends that the ALJ erred by failing to adopt the

3

"prompting" limitation that both Drs. Voyten and Tishler had opined despite affording their opinions partial weight. (ECF No. 10; ECF No. 13 at 23). Secondly, Plaintiff argues that the ALJ failed to incorporate the "one task at a time" restriction on which Drs. Voyten and Tishler opined. (ECF No. 10; ECF No. 13 at 25). Finally, Plaintiff believes the ALJ failed to fully incorporate the amount of time Plaintiff must be off work due to her limitations. (ECF No. 10; ECF No. 13 at 26). The Magistrate Judge recommended that all three errors be rejected. (ECF No. 13 at 28). Plaintiff filed an objection to the Magistrate's Report and Recommendation. (ECF No. 14). The Defendant filed a Response to Plaintiff's Objections. (ECF No. 15).

## II. STANDARD OF REVIEW

Upon objection to a Magistrate Judge's report and recommendation, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). This de novo review, in turn, requires the Court to "determine whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ applied the correct legal criteria." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013). Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Early v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted). Substantial evidence constitutes "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if this case were being tried to a jury." *Inman*, 920 F. Supp. 2d at 863 (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)). A reviewing court has "power to enter, upon pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the

4

Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 505(g).

### III. LAW & ANALYSIS

#### A. Prompting and Single-Task Limitations

This Court finds that the ALJ properly dismissed Plaintiff's contentions regarding both the prompting and single-task limitations. Drs. Voyten and Tishler opined that Plaintiff may need to be prompted during work and would be able to focus on only one task at a time. The ALJ proceeded to assign "partial weight" to these opinions but did not specifically incorporate them into Plaintiff's RFC. (*Id.*).

The RFC is based on "the most [Plaintiff] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1). The ALJ will consider a plaintiff's symptoms and severity of those symptoms so long as those symptoms are consistent with medical evidence. 20 C.F.R. § 416.929(a). The RFC determination is expressly reserved to the Social Security Commissioner. *Ford v. Comm'r of Soc. Sec.*, 114 F. App'x 194, 198 (6th Cir. 2004). As a result of that reservation, there is a "zone of choice" where the ALJ, in considering substantial evidence, can reach alternate conclusions, which would both be permissible based on the record. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). The courts are not to interfere with the ALJ's decision, which arises from the zone of choice. *Id.* In making the determination, the ALJ does not need to incorporate every limitation that a doctor discusses. *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) (finding the ALJ "was not required to incorporate the entirety of [the] opinion" to which he assigned "great weight").

Here, the ALJ refused to incorporate the prompting and single-task limitations on which Drs. Voyten and Tishler opined. This is properly within the ALF's discretion. As noted above,

5

the ALJ did not have to incorporate every limitation that the doctors considered. These comments were afforded only partial weight, and even if they had been assigned "great weight," it still would have been permissible to exclude certain portions of the opinions. *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x at 275. The Magistrate Judge properly explained that there was significant evidence in the record that refuted these two limitations, including Plaintiff's mental status examinations, memory evaluations, the Plaintiff's own testimony regarding her concentration, and Plaintiff's ability to successfully carry out daily activities. (ECF No. 13 at 24). Thus, she properly concluded that the decision fell into the zone of choice where the ALJ was permitted to make a decision.

Finally, Plaintiff asserts that the case must be reviewed in light of its previous history. (ECF No. 14 at 2-3). Plaintiff argues the ALJ's decision was previously vacated for failure to incorporate medical opinions, and thus the ALJ's current findings must be reviewed with that history. (ECF No. 14 at 3). Plaintiff raised this argument for the first time in her Objection to the Magistrate Judge's Report and Recommendation. As such, the argument is waived. *See United States v. Abboud*, 438 F.3d 554, 589 (6th Cir. 2006) (finding it well established that an argument "first presented to the Court in a reply brief is waived"); *see also Stevens v. Comm'r of Soc. Sec.*, No. 2:14-CV-2186, 2016 WL 692546, at *7 (S.D. Ohio Feb. 22, 2016) (stating that an argument which was not raised in the Statement of Errors is waived). Regardless, the opinions currently at issue differ from the previous issue in the case as these opinions received only "partial weight" rather than "great weight" as the previous opinions. (ECF No. 15 at 2). Therefore, these two errors are both overruled.

**B. Additional "Off Time" Due to the Use of a Cane**

Plaintiff next objects to the ALJ's failure to incorporate her reliance on a cane for balance. (ECF No. 14 at 5). Plaintiff notes the ALJ did discuss the use of the cane but failed to properly consider how it impacts how much time she must spend off work as she cannot work with both hands when she is standing while using the cane for balance. (*Id.*). Plaintiff argues that because her limitations include standing for two to three minutes an hour, the limitation that she spends up to a half-hour off task a day is too low (*Id.*).

Yet, as the Magistrate Judge noted, there is substantial evidence in the record to support the ALJ's finding. In particular, the Magistrate Judge highlighted that the medical opinions either failed to mention a cane, suggested Plaintiff used a cane only on an as-needed basis as opposed to each time she needed to balance, and that Plaintiff actually had a normal gait and ambulated normally. (ECF No. 13 at 27). Thus, the ALJ did consider Plaintiff's use of a cane but relied on substantial evidence in the record to determine her use of the cane for balance should be excluded from the RFC. Therefore, this error is overruled.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objection to the Magistrate Judge's Report and Recommendation is **OVERRULED**. The Commissioner's decision is **AFFIRMED**. This Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation in full.

**IT IS SO ORDERED.**

                                          **ALGENON L. MARBLEY**
                                          **UNITED STATES DISTRICT JUDGE**

**DATED:  November 3, 2020**